UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK A. CLAYBORNE,

                          Plaintiff,

        v.                                    Case No. 22-cv-145-pp

NURSE ZERBST
and DOCTOR BROWN,

                          Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
RECRUIT COUNSEL (DKT. NO. 21)**

        The court has allowed plaintiff Jack A. Clayborne to proceed on

Fourteenth Amendment claims against two defendants. Dkt. No. 18. The

plaintiff now asks the court to recruit a *pro bono* attorney to represent him.

Dkt. No. 21.

        The plaintiff says he requested counsel in different cases before this

court and provided "proof of reaching out to many attorneys, (more than three)

and many attorneys and many reasons why the plaintiff would need an

attorney to represent himself." Id. at 2. He says his "situation is now being

compounded" because the federal institution where he is incarcerated had

been on lockdown for seven days straight when he drafted the motion (October

25, 2022), and he had been unable to access the law library or his legal

materials. Id. at 2–3. He alleges that mailroom staff have returned legal

documents that he asked them to send out. Id. at 3. While he wrote "see

attached" next to this allegation, nothing was attached to the plaintiff's motion.

1

The plaintiff says he requested, but was refused on multiple occasions, grievance forms and complaint forms to file about his mail and other issues at the prison. Id. at 3–4. He says he has spoken to "many officers" and staff—he even wrote to the assistant warden about this issue—to no avail. Id. at 4. The plaintiff says the previous month (presumably September 2022), his appellate attorney in his criminal case sent him discovery, but the plaintiff had been unable to view it. Id. at 4–5.

The plaintiff asserts that he needs the assistance of an attorney because he has no access to legal materials, legal documents or funds to hire an attorney himself. Id. at 5. He says he may not be "able to meet any deadline this Court set[s] because of all these things." Id. at 6. He also says his case is complex and will require him to obtain records from "different staff in different states and locations." Id. He adds that he has attention deficit hyperactivity disorder (ADHD) and is taking psychiatric medications. Id. He says that the commissary often is out of supplies like legal pads and postage stamps. Id. at 6-7. He asks for assistance of counsel to address his "many litigation issues." Id. at 7.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to

volunteer for these cases.'" <u>Henderson v. Ghosh</u>, 755 F.3d 559, 564 (7th Cir. 2014) (quoting <u>Olson v. Morgan</u>, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" <u>Eagan v. Dempsey</u>, 987 F.3d 667, 682 (7th Cir. 2021) (quoting <u>Pruitt v. Mote</u>, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. <u>Pickett v. Chi. Transit Auth.</u>, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." <u>Eagan</u>, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." <u>Eagan</u>, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." <u>Pennewell v. Parish</u>, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." <u>Id.</u> This

includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

Although the plaintiff says he previously provided proof of his attempts to recruit counsel on his own, he did not attach any response letters from attorneys or law firms he contacted about *this* case. Nor does he say how many attorneys or firms he contacted about *this* case and what their responses were, or if he received any responses. The plaintiff's situation has changed several times over the months since he filed this lawsuit. He cannot rely on his past attempts to recruit counsel on his own in other litigation to show that he has made efforts to obtain an attorney in this case; lawyers often look at the claims the plaintiff is making to determine whether they have merit, and whether they are the kind of claims that that attorney can address. The fact that an attorney declines to represent someone for one type of claim, or one factual scenario, does not mean she will decline to represent him in another. The plaintiff has not satisfied the first Pruitt inquiry.

Even if the plaintiff had demonstrated that he had made a reasonable effort to obtain counsel on his own for this case, the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says the federal prison had been locked down for a week at the time he wrote the motion, which was in late October 2022. He says he has had difficulty accessing his legal materials and resources, such as the law library. He also says he struggles with ADHD but takes medication (for that and psychiatric issues). He says that because of these difficulties, he might not be able to meet deadlines the court sets. None of these alleged difficulties is unique to this plaintiff or this case. The court is aware of the difficulty incarcerated persons face litigating cases on their own, even for an experienced litigant like this plaintiff. But as the court noted above, the Constitution does not entitle the plaintiff to an attorney to represent him in this civil case, and there are not enough attorneys willing and able to represent *pro se* plaintiffs. That the plaintiff is on his own in a federal facility with scarce resources and mental health issues is, unfortunately, a situation the court sees far too often; these issues are not a sufficient to justify the court recruiting counsel at this stage.

That is especially true given the plaintiff's filings. He is a prolific filer. He has several open cases and has filed many pleadings. His motions and other pleadings are—despite his claims of ADHD and psychiatric issues—clearly written, logical and easy to follow. He expresses himself well and clearly. Despite what the court is sure are shortages of supplies like stamps and paper, the plaintiff has managed to get those pleadings to the court. The court is also

certain that the plaintiff does have limited access to the law library, but in the early stages of a case, such as the discovery phase, there is little need for legal research.

This case is at an early stage. The defendants have answered the complaint but have not yet told their side of the story. Discovery has not yet begun, so there are not yet any deadlines the plaintiff must meet. The court will be flexible in giving the plaintiff any reasonable additional time he requests for him to conduct discovery and litigate this lawsuit. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if additional time does not resolve the issue, it may be appropriate to recruit counsel to represent the plaintiff. At this early stage of the case, however, the court finds that the plaintiff has not demonstrated that he requires the assistance of counsel to present his case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to recruit counsel. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 12th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**